## WILLIAM FISHER v. BADEN GAS CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 2 OF ALLEGHENY COUNTY.

Argued October 29, 1890—Decided November 10, 1890.
[To be reported.]

1. An assignment of error to the admission of an offer of testimony, which does not show what testimony, if any, was admitted in pursuance of the offer, will be disregarded as not in accordance with the rules of the Supreme Court.
2. The measure of damages for an appropriation of land, under the act of May 29, 1885, P. L. 29, for the construction and maintenance of a pipe line for the conveyance of natural gas, is that prescribed by article XVI., § 8, of the constitution, viz., just compensation.
3. Just compensation to the landowner for such an appropriation, consists of the surplus of the damage done to the land, over and above the amount of the special benefits, if any, accruing to the property by reason of the maintenance of the pipe line upon it.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 238 October Term 1890, Sup. Ct.; court below, No. 362 January Term 1888, C. P. No. 2.

On November 26, 1887, upon petition of William Fisher, the court below appointed viewers to assess the damages payable to him by reason of the location and construction upon and through his land in the borough of Glenfield of a pipe line for the transportation of natural gas by the Baden Gas Company. The viewers subsequently reported, assessing said damages at $500. Both parties having appealed from the award, an issue was framed to determine the amount of damages to which the petitioner was entitled, the petitioner being made the plaintiff, and the Baden Gas Company the defendant.

At the trial on January 7, 1888, the plaintiff and other witnesses testified on his behalf, that in their opinion the plaintiff's property was depreciated in value by reason of the laying and maintenance of the defendant's pipe line thereon, to the extent of from $1,800 to $2,000.

Charge of Court below.

The defendant called witnesses whose testimony, given under objection, was, in substance, to the effect that the pipe line was a benefit to the plaintiff's land, by rendering a desirable fuel available to occupants thereof, and that the company, operating the line, was prepared to and did furnish gas to anybody at Glenfield who applied for it. The offers under which this testimony was admitted, are set forth in the assignments of error, infra.

At the close of the testimony the court, MAGEE, J., charged the jury in part as follows:

The plaintiff requests the court to charge the jury:

1. That a natural-gas company has no right in law to set off against damages for right of way, any benefits, either general or special, which may accrue to the property by reason of the presence of its line.

Answer: This point is refused.[4]

2. That a natural-gas company has no right in law to set off against damages for right of way, any benefits which may accrue to the property over which it passes, which are common or general to the neighborhood.

Answer: This point is affirmed.

This proceeding is here upon the appeal of both parties, and the question to be determined by you, is what damages have been done the plaintiff by the defendant, and the value thereof, if any such have been sustained. I have said that the defendant company has exercised its rights to enter upon, take and occupy such lands, easements and property of the plaintiff as were required for the purpose of laying its pipes for transporting and distributing gas, and the taking is admitted to be as of the third day of February, 1887.

This right of eminent domain is conferred on natural-gas companies, by the act of May 29, 1885, P. L. 29, with such provisions as have been deemed proper for its exercise.

The right to appropriate lands for public use is subject to the constitutional provision that private property "shall not be taken or applied to public use without just compensation being first made or secured." To this obligation to make just compensation for the taking of private property for public use, is added, by the act of May 29, 1885, the requirement "that

any company laying a pipe line under the provisions hereof, shall be liable for all damages occasioned by reason of the negligence of such gas company." This provision can have no reference to the appropriation of land, where the right to the easement and the damages sustained are determined before any entry on the land takes place, because in such case no negligence can occur; but the provision may reasonably be said to apply to subsequent negligence on the part of the company, in the use and maintenance of the right acquired whereby damage is occasioned. . . . . It seems to me, therefore, to be the reasonable construction of that provision, to say to you that in this case you take into consideration all elements of damage, from the appropriation of the land and the resulting injury, as well as damages occasioned by reason of negligence of the company, either in the construction of the line, or its use occurring up to the date of the inception of this proceeding, which took place on the 26th of November, 1887. . . . .

The damages claimed are for the taking of the strip of land and its use for the transportation of natural gas by means of a pipe line laid thereon. The two elements of damage are the value of the land appropriated, and the damage from the use as a pipe line for the transportation of natural gas. As these two things affect the value of the land as a whole, through which the line passes, will the amount of the damage be ascertained, and that is properly determined, if I understand the rule of law aright, by the market value of the land before and after the construction of the pipe line, as it may be affected thereby. . . . .

The jury returned a verdict in favor of the plaintiff for $278.50. A rule for a new trial having been discharged, and judgment entered, the plaintiff took this appeal, filing the following assignments of error:

"1. The court erred in overruling appellant's objection to the evidence proposed by the defendant, under the following question to J. W. Herron, a witness produced by the defendant:

"Q. Will you state whether or not, in your opinion as a real-estate man, the presence of a pipe line over or in the neighborhood of property such as that, would or would not add to the selling value of the property.

Arguments.

"Objected to, that the question is entirely too broad, and objected to, generally, as incompetent.

"Objection overruled and bill sealed for plaintiff.

"C. MAGEE. [Seal.] "

"2. The court erred in admitting the evidence proposed by the defendant under the following offer:

"Defendant's counsel proposes to prove by the witness on the stand, C. T. Fowler, that he is the superintendent of the Fort Pitt line, which is now running this pipe line, and that it gives at Glenfield, or any place else, gas to anybody who wants it.

"Objected to, that what they might be willing to do is not evidence.

"Objection overruled and bill sealed for plaintiff.

"C. MAGEE. [Seal.] "

"3. The court erred in overruling appellant's objection to the following question, put by the defendant to witness C. T. Fowler:

"Q. What is the practice of the company with regard to furnishing gas to parties who apply for it along the line?

"Objected to, as incompetent and irrelevant.

"Objection overruled and bill sealed for plaintiff.

"C. MAGEE. [Seal.] "

"4. The court erred in its answer to appellant's first point, which was as follows:" [quoting the point and the answer thereto.] [4]

*Mr. John S. Ferguson*, for the appellant:

The measure of damages prescribed for the viewers, in § 10 of the natural-gas act of May 29, 1885, P. L. 29, is "the damages proper to be paid to the property owner for the easement." The same measure, of course, would prevail on the trial in court on an appeal from the award of the viewers. That act, therefore, is unlike the railroad, schoolhouse and similar acts, which expressly provide for a comparison of advantages and disadvantages. A special benefit to the land cannot be shown in a case like this, for the plain reason that the law does not so provide. It is difficult to see how, in the case of a natural-gas company, there can be such a thing as a special benefit of a particular piece of property; but, at all events, the testimony

Opinion of the Court.

for the defendant, admitted under objection, tended to establish not a special benefit, but one common to the neighborhood through which the line passes. Such testimony is inadmissible: Hornstein v. Railroad Co., 51 Pa. 87.

*Mr. S. A. McClung,* for the appellee:

The vice of the argument made by the appellant's counsel, respecting the measure of damages, lies in the assumption that this depends upon the act of assembly. The constitution entitles the landowner to " just compensation for property taken, injured or destroyed " by either a railroad company or a gas company, and he is entitled to no more as against a corporation of either kind. It is thoroughly settled in this state that when a landowner gets the surplus of damages over special benefits, he gets just compensation. To hold that the rule prescribed in the railroad act of February 19, 1849, P. L. 79, is binding on the landowner, is to hold that it gives him all that the constitution gives him, and merely states the measure of damages as the courts would have stated it without the aid of the legislature. The rule applied in the case at bar has been applied, ever since the adoption of the present constitution, in proceedings for consequential damages by action on the case, where there is no legislative measure of damages. It was competent to show what kind of a line the one in question was, and that the company furnished gas to any one that wanted it, just as it is competent to show what kind of a railroad an assessment relates to, whether for the carriage of both passengers and freight or only the latter.

Per Curiam:

The first three assignments of error do not conform to the Rules of Court. The fourth alleges that the court below erred in not affirming the appellant's first point, which point was as follows:

" That a natural-gas company has no right in law to set off against damages for right of way, any benefits, either general or special, which may accrue to the property by reason of the presence of its line. "

The natural-gas act of 1885, provides that if the company cannot agree with the owner as to the amount of damages, the

viewers shall "assess the damages proper to be paid to the property owner for the easement." Beyond this, the act fixes no measure of damages. In the case of railroads, and in some other instances where corporations are clothed with the power of eminent domain, the legislature has provided that the damages shall be determined after a fair and just comparison of the advantages and disadvantages to the property taken: See § 11, act of February 19, 1849, P. L. 84. We have therefore only the constitutional provision, that "just compensation for property taken, injured or destroyed," shall be made by a corporation which takes private property for public use by virtue of its right of eminent domain. What is "just compensation?" Is it anything more than the surplus of damage over the special benefits conferred? The legislature has practically said that this fills the constitutional requirement when land is taken by a railroad corporation. And if it does so in that instance, why not in the case where land is taken by a gas company? The landowner is entitled to no more than "just compensation."

Judgment affirmed.

