# W. M. Swank *v.* Carnegie Natural Gas Company, Appellants.

*Eminent domain—Damages—Evidence— Opinion of competent witness.*
On a trial to ascertain the true measure of damages for an easement appropriated, the jury must rely, to a very great extent, upon the opinion of competent witnesses who have knowledge superior to that possessed by the jury on the subject-matter in controversy.

*Evidence—Qualification of witness in land damage cases.*
A witness to be competent must have actual, personal knowledge of the facts affecting the subject-matter, a knowledge of the market value of the land, the extent and condition of its improvements, its quantity and productive equivalents, knowledge of the extent of the injury in the particular case and opportunity to learn the value of the property.

A witness is not disqualified from the fact that he went upon the ground, expecting to be a witness, examined the construction of the pipe line and apparent effect thereof, the character of the soil, the effect of the entry of the carts, etc. and the general effect of the entry, it appearing that he lived twelve miles from the property, that he knew the value of farms in the country, not by actual sales, but by information derived from people living in the vicinity, and from general knowledge as a farmer of the value of lands in the neighborhood.

Argued April 19, 1897. Appeal, No. 79, April T., 1897, by defendant, from judgment of C. P. Westmoreland Co., May T., 1894, No. 634, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed. REEDER and ORLADY, JJ. dissent.

Appeal from award of viewers. Before McCONNELL, J.

· It appears from the record that the only question raised in this appeal is as to the admissibility of certain testimony, which is fully set out in the assignments of error.

· Verdict and judgment for plaintiff for $695. Defendant appealed.

*Errors assigned* were (1) In admitting the testimony of the witness, H. M. Clements, as to the damages sustained by the plaintiff by reason of the taking of the land in question by the defendant, he being incompetent to so testify. (2) In permitting the witness, H. M. Clements, to give an estimate of plaintiff's damage, such estimate, the objection thereto and the ruling thereon being as follows : " Counsel for defendant object to this witness giving his estimate of the damage to the property, because he has not shown such knowledge of the market value of property in the neighborhood as would qualify him to give an opinion as an expert. The Court: Objection overruled, and exception for the defendant's counsel."

*Gaither & Woods*, for appellant.—As to the witness's competency to testify cited Struthers v. Railroad Co., 174 Pa. 291.

· In order to be competent to testify, he must know the property before, as well as after, the taking; he must know the difference between the market value of the property unaffected by the easement, and its market value afterwards, and he must base his conclusions on such knowledge. This is the sine qua non to the admissibility of his testimony, and if he does not have this knowledge, he cannot testify: Railway Co. v. McCloskey, 110 Pa. 436 ; Railway Co. v. Vance, 115 Pa. 325.

Estimates of damage based on such a lack of knowledge as this is, as Mr. Justice STRONG says in the case of Watson v. Railroad Co., 37 Pa. 469, " but a mere guess, with no substantial foundation upon which to rest." They do not rise to the

dignity of an opinion, and are far below the standard required by the cases of Railroad Co. v. Vance, 115 Pa. 325, Watson v. Railroad Co., 37 Pa. 469, and Michael v. Pipe Line Co., 159 Pa. 99.

*Jas. S. Beacom*, with him *D. L. Newill, J. S. Moorhead* and *J. B. Head*, for appellee.—The very case cited and apparently relied on by appellant's counsel, Struthers v. R. R. Co., 174 Pa. 291, decides that even when a witness is called as an expert, if his testimony fails to reach the standard of expert testimony, while the trial court may not submit it to the jury as expert evidence, and therefore entitled to special consideration; he may and should submit it as the testimony of an ordinary witness, where it discloses a knowledge of pertinent facts.

Now what are the material facts which a witness must know, and concerning which he must testify, to make his testimony admissible in a case like the present one ?

He must know something of the value of the land. This value, as was said by Mr. Justice CLARK in R. R. Co. v. Vance, 115 Pa. 325, is to be " estimated upon a fair consideration of the location of the land, the extent and condition of its improvements, its quantity and quality, the uses to which it may reasonably be applied, taken with the general selling price of lands in the neighborhood at the time."

See also Galbraith v. Phila. Co., 2 Pa. Superior Ct. 359.

OPINION BY WILLARD, J., July 23, 1897 :

When property is taken by a corporation in the exercise of the right of eminent domain under the Act of May 29, 1885, P. L. 29, the owner of the property taken is entitled to damages proper to be paid to him for the easement appropriated by the company. The just compensation to which he is entitled is the surplus of damages over the special benefits : Fisher v. Gas Co., 138 Pa. 301. On a trial to ascertain the true measure of damages for the easement appropriated, the jury must rely to a very great extent upon the opinions of competent witnesses who have knowledge superior to that possessed by the jury of the subject-matter in controversy.

The single assignment of error in this case raises the question whether H. M. Clements, a witness for the plaintiff in the court

below, was competent to aid the jury on the question of damages sustained by the appellee by the taking of and injury to his land by the appellant. In Galbraith v. The Philadelphia Company, 2 Pa. Superior Ct. 359, we based our judgment upon numerous decisions of our Supreme Court and with care cited them in support of the opinion delivered in that case. We there decided that a witness to be competent must have actual personal knowledge of the facts affecting the subject-matter, a knowledge of the market value of the land, the extent and condition of its improvements, its quantity and productive qualities, knowledge of the extent of the injury in the particular case, and opportunity to learn the value of the property.

The witness, Clements, lived twelve miles from the property, but he testified that he knew the value of farms in the vicinity, not by actual sales but from information derived from people living in the vicinity as to the value, and from the witness' general knowledge as a farmer of the value of lands in the neighborhood. He had a right to qualify himself by inquiry as to values in the neighborhood as the witness Sprogle did in Struthers v. R. R. Co., 174 Pa. 291, and the knowledge of the land before the taking qualified him to give an opinion. He was qualified as to his general knowledge of the value of farm lands in the vicinity and lived no further from the premises in question than the witness Struble in Curtin v. R. R. Co., 135 Pa. 20, or the witness Sprogle in Struthers v. R. R. Co., supra. The testimony of Sprogle was held competent, not as expert testimony, but as the testimony of a witness competent to give an opinion on the question of damages, from his knowledge of the property. The opinion of Mr. Justice WILLIAMS on the competency of the witness is not without significance; the case was reversed and the opinion of the learned justice was a clear indication of the competency of the witness to the court below on another trial which was awarded.

It also appears that the witness, Clements, went upon the ground at the time of the view and made a minute examination of the premises, expecting to be a witness at that time before the viewers. He not only examined the construction of the pipe line through the premises and the apparent effect thereof, but he examined the character of the soil, the effect of the entry of carts upon the meadows and wheat fields, also the effect of

the wagon tracks in rendering the clay soil lumpy when plowed and the general effect of the entry upon the land in question.

It matters not that the witness obtained information at the time of the view, expecting to be a witness. In Galbraith v. Philadelphia Company, supra, we held that the information obtained by the witness Montgomery, while a viewer, did not affect his competency when called as a witness on appeal in the common pleas, and we might have added, on the authority of Gorgas v. R. R. Co., 144 Pa. 1, that the examination made by him as a viewer strengthened his testimony as a witness. The question is, Did the witness have knowledge qualifying him to speak intelligently of the subject under investigation?

We do not think it to the discredit of the witness that he had been called upon before to testify in other cases as to the effect of laying pipe lines through farm lands. The greater his experience, the more familiar would he naturally be with the subject under consideration and concerning which he was called upon to speak.

From a careful examination of the testimony of the witness, we think he had personal knowledge of the property affected and knew its market value; that he had examined carefully and knew the condition and extent of its improvements and the productive qualities of the land, the extent of the injury caused by the taking and entry upon it with carts and wagons, and that the witness had ample opportunity to arrive at a correct valuation of the property.

In arriving at these conclusions we have examined carefully the entire testimony of the witness and find that he was a farmer well acquainted with the farms in the vicinity where he had lived for sixteen years; that he knew the Swank farm and the country all through the section where it was located; that as a dealer in stock, making frequent trips through the country his facilities for knowing the value of farms in the neighborhood were superior to those of the ordinary farmer; it also appears that he had inquired and knew the prices at which property had been sold in the neighborhood, and that previous to the trial he had examined the property minutely as to its character and value in order to qualify himself to speak intelligently concerning the same. In Gorgas v. R. R. Co., supra, a witness testified that he had not seen the land in question for seventeen years

and had not lived in that section of the country during that time. At the time he testified he lived twenty miles from the premises and had no personal knowledge of the market value of farms in the neighborhood, but had general knowledge and knew it to be good limestone land; that he acted as a viewer appointed by the court. He was objected to as incompetent. The objection was overruled and he testified that the damage to the property was $2,000. On appeal to the Supreme Court the admission of the testimony of the witness was assigned for error. In overruling the assignment Chief Justice PAXSON said: "Nor do we think it was error to admit the testimony of Thomas R. Burgner. It is true he lived several miles away, but he knew the property and had passed along it on the road occasionally; moreover, he had acted as a viewer appointed by the court. He was not asked to give his opinion as a viewer, but from his observation while acting as such. That a viewer, in such cases, is a competent witness, was ruled in Dorlan v. R. R. Co. 46 Pa. 520." In Struthers v. R. R. Co., supra, the witness Sprogle testified that he had no special knowledge of the property until after the railroad was constructed; that he then went and examined it and made inquiry as to sales in the neighborhood, and that what he found out about the sales was ascertained within two or three weeks of the trial; that he had been on the land and examined it in the preceding December, but had never been on it at any other time. He was permitted to testify as to its value, and Mr. Justice WILLIAMS, in his opinion, said as to the competency of the witness: "He knew enough about the subject to be entitled to be heard as any other witness might be," but not as an expert. "His evidence should have gone with that of other witnesses who spoke as witnesses simply; or in the language of the learned judge found in the bill of exceptions, 'I think he can testify as far as his testimony goes.'"

Considering the entire testimony of the witness Clements, we think it was properly admitted. The learned trial judge considered the witness sufficiently competent to speak and give his opinion on the question of damages. In this there was no error.

The assignment of error is overruled and the judgment affirmed.

REEDER, J., DISSENTING, July 23, 1897 :

I cannot agree with the majority of the court in regard to the witness Clements' competency. I do not believe a person, not an expert, subpœnaed as a witness, at the time of the service of the subpœna not competent in a proceeding to ascertain damages done to real estate by the exercise of the right of eminent domain, can, after he is subpœnaed, by going into the neighborhood and making inquiry as to the value of real estate, qualify himself as a witness. In this case it is true that Clements knew the property and had at times been on, over and upon it, but he testified he did not know the market value of land in that neighborhood until he had gone there after he was subpœnaed and made inquiry.

While the decision in Struthers v. R. R. Co., 174 Pa. 291, would seem to bear that construction, I do not believe it was the purpose of the Supreme Court to so declare the law. Sprogle in that case testified as an expert witness. It was his being permitted to testify as an expert which was the subject of the assignment of error. The Supreme Court in passing upon that assignment say that it was error to permit him to testify as an expert, and add " he knew enough about the subject to be entitled to be heard as any other witness might be, but expert knowledge means more than that." The question of the competency of Sprogle as an ordinary witness was not before the Supreme Court, was not considered or discussed, and what is said is merely said incidentally to the question before them, namely: the admission of Sprogle as an expert witness.

The establishment of such a rule of evidence would open wide the door to great abuse. I must therefore dissent from the opinion of the majority of this court.

ORLADY, J., concurs in the foregoing.